ON PETITION TO TRANSFER
SHEPARD, Chief Justice.
The injuries suffered by appellant Amy Foshee at Shoney’s restaurant fall within the exclusive remedy provisions of the Worker’s Compensation Act, said the Court of Appeals. Foshee v. Shoney’s, Inc., 622 N.E.2d 245 (Ind.App.1993). Analyzing this appeal in accordance with today’s decision in Baker v. Westinghouse, 637 N.E.2d 1271 (Ind.1994), we hold that the Court of Appeals was correct to affirm.

I. Facts and Procedural History

Foshee sued her former employer, Sho-ney’s Incorporated, her former co-workers Eric Holmes and Raymond Vance, and Raymond’s brother Michael Vance. In her complaint Foshee alleged, inter alia, that within two days of beginning work at one of Sho-ney’s Indianapolis restaurants, she became the object of unsolicited personal attention from Holmes. This contact and the similar experiences of other female employees were reported to the on-site managers who did not remedy the problem. Instead, on November 15, 1989, Foshee was again assigned to work with Holmes. Holmes continued his pattern of harassment until his shift ended and he departed. Foshee reported Holmes’ conduct to her supervisor, Teresa Blosl, who informed her that Holmes would no longer be working at the restaurant.
Foshee claims that Holmes returned to the restaurant four times that evening. He spent his first visit “observing” Foshee, prompting Blosl to warn her to “[s]tay behind the waitress’ line, so that nothing will happen to you.” Holmes then left but returned shortly thereafter boasting this time that he planned to harm Foshee. Foshee’s shift had ended prior to this second visit, but she had remained at the restaurant because both Blosl and night manager Charles Ervin asked her to drive them home after they closed the store. During Holmes’ second visit Blosl instructed Foshee to hide in the women’s restroom until Holmes departed. Holmes left again but returned a short time later with Michael Vance to pick up Raymond Vance and another employee. The four left before 11 p.m.
By approximately 11:30 p.m., Ervin and Blosl had made the necessary preparations to close for the evening and were preparing to leave with Foshee. Ervin, a relatively new employee, was carrying the restaurant’s cash in a night deposit bag. Suddenly Holmes and the Vances emerged from where they were hiding nearby. This time Holmes made good on his earlier threats. After robbing Ervin and murdering both him and Blosl, Holmes proceeded to knife Foshee repeatedly. He left the restaurant believing he had killed Ervin, Blosl, and Foshee. Fortunately, Foshee did not die. She struggled to a pay phone and managed to summon help before collapsing.
In her complaint against Shoney’s, Foshee contends that the company engaged in culpable misconduct when it “allowed” events to transpire which posed “an imminent likelihood of injury or death to the Plaintiff and where this injury or death was substantially certain to oceur.” Foshee further complains that it was actionable misconduct for Sho-ney’s to place “inexperienced and untrained” management personnel in the restaurant on the night of November 15, 1989. Shoney’s moved for a judgment on the pleadings, asserting that Foshee’s common law tort claim was barred by the exclusive remedy provision in Indiana’s Worker’s Compensation Act, Ind.Code Ann. § 22-3-2-6 (West Supp. 1992), and that Foshee had thus failed to state a claim on which relief could be grant *1276 ed. The trial court granted Shoney’s motion and entered final judgment in its favor.[1]
The Court of Appeals affirmed, concluding that Foshee’s injuries fell within the Worker’s Compensation Act’s exclusive remedy provision in that they arose out of her employment and were “by accident.” Foshee, slip op. at 4-6. For purposes of appeal, Foshee had conceded that her injuries arose “in the course of’ her employment. Appellant’s Brief at 16. The court also held that Foshee’s claim did not meet the requirements of the so-called “intentional tort exception” to the act. Id. at 6-10. We grant transfer to resolve this appeal in conformity with Baker v. Westinghouse and its companion case, Perry v. Stitzer Buick GMC, 687 N.E.2d 1282 (Ind.1994).

II. Use of Trial Rule 12(C)

At the close of pleadings, Shoney’s moved for a judgment on the pleadings under Trial Rule 12(C), raising the defense of failure to state a claim upon which relief can be granted. This practice is generally permitted by Trial Rule 12(H)(2) and is substantiated by case law. See, e.g., Gregory & Appel, Inc. v. Duck (1984), Ind.App., 459 N.E.2d 46. The basis for this defense was Shoney’s contention that, under the exclusivity provision of the Worker’s Compensation Act, Foshee’s sole remedy against it was to pursue a claim for benefits before the Worker’s Compensation Board. Such a claim, however, is an attack on the court’s subject matter jurisdiction and cannot be raised via T.R. 12(C).
In Perry v. Stitzer Buick we disapproved of using a motion for summary judgment to dispose of a claim similar to Shoney’s. At 1286. A summary judgment is a decision on the merits which merges or bars the action for res judicata purposes and which may not be rendered by a court that itself lacks subject matter jurisdiction. Id. A motion for judgment on the pleadings is similarly inappropriate for the task. Trial Rule 12(C) motions — like other motions which render adjudications on the merits— convert into motions for summary judgment if the court accepts and uses materials supplementary to the pleadings. T.R. 12(C). Entry of judgment following such a motion, like dismissal under T.R. 12(B)(6), constitutes an adjudication on the merits and bars its subsequent assertion. Cf. Ragnar Benson, Inc. v. Wm. F. Jungclaus Co. (1976), Ind. App., 352 N.E.2d 817 (dismissal on grounds of failure to state claim constitutes adjudication on merits).
 When an employee files a tort action against an employer for injuries apparently covered by the Worker’s Compensation Act, the employee must establish that the court’s exercise of jurisdiction is proper. Perry, at 1286. In doing so, the plaintiff must adduce evidence supporting jurisdiction and not rely merely on the pleadings. Id. at 1287; cf. Tribbett v. Tay Mor Indus. (1984), Ind.App., 471 N.E.2d 332. If the challenge to jurisdiction takes the form of a T.R. 12(B)(6) or 12(C) motion, however, then the plaintiffs production of evidence would convert the issue into one of summary judgment. T.R. 12(B)(8), 12(C). As we have said, though, courts without jurisdiction lack the authority to rule on such motions. See Perry, at 1287. For these reasons, challenges under the act’s exclusivity provisions should not be resolved via a motion for judgment on the pleadings.
Instead, such a claim should be advanced through a motion to dismiss for lack of subject matter jurisdiction, Trial Rule 12(B)(1). Dismissals under that rule serve simply to hold a matter in abatement such that the plaintiff may still avail herself of any existing administrative remedies. Perry, at 1286; see also Cooper v. County Bd. of Rev. (1971), 150 Ind.App. 232, 276 N.E.2d 533. Moreover, such motions are not treated as motions for summary judgment when supporting materials are filed. Cf. Mid-States Aircraft Engines, Inc. v. Mize Co. (1984), Ind.App., 467 N.E.2d 1242 (motion to dismiss for want of personal jurisdiction not converted to summary judgment when affidavit filed); see generally 1 William F. Harvey, Indiana Practice, Rules of Procedure Annotated 608 (1987). Accordingly, we proceed to *1277 analyze this ease as a question of jurisdiction on which the plaintiff carries the burden of proof and would, typically, have been required to present evidence. Perry, .at 1286.

III. Intentional Torts

In Baker v. Westinghouse, we rejected the existence of a judicially crafted intentional tort exception to the Worker’s Compensation Act. Building on Evans v. Yankeetown Dock Corp. (1986), Ind., 491 N.E.2d 969, we held that an injury occurs “by accident,” and thus within the act, only when it is intended neither by the employee nor the employer. Under Baker, two requirements must be met before an injury can be said to have been intended by the employer and thus not “by accident.” The tort must have been committed by the employer (or by the employer’s alter ego), and the employer must also have intended the injury or actually known that injury was certain to occur. Where both these requirements are met, the compensation act does not bar an action at law.
Foshee’s action fails on both scores. First, Foshee has not established that the corporation is the tortfeasor’s alter ego. Foshee has not averred that any of the managers on site (presumably the tortfeasors for purposes of this action) owned and controlled Shoney’s, and thus she may not rely on the alter ego prong of Baker.
Second, Foshee’s efforts to paint her injuries as the intended product of Shoney’s corporate policy also fall short. She claims that Shoney’s culpable behavior lay in its failure to prevent this dangerous course of events from developing. Except for her assertion that Shoney’s placed inexperienced managers in the store, however, Foshee has not suggested the existence of any regularly made policy or decision of Shoney’s which prompted her injuries. And, while she suggests that her injuries were not only substantially certain but imminently likely to occur given the conditions in the restaurant, to prevail on her argument Foshee would have to aver that employee injury was the intended product of the personnel decision upon which she relies.
We need not decide the relationship between the requirement that injury be certain to occur and Foshee’s claim that with ill-trained managers at the helm an attack on her was imminently likely. This is because Foshee has charged only that her co-workers and not those corporate officials who made the personnel decision had actual knowledge of store conditions. Without actual knowledge, Foshee’s complaint suggests at best that Shoney’s corporate decision makers acted with recklessness, not actual intent.
Foshee did not establish by a preponderance of the evidence that Shoney’s intended her injury. As such, her exclusive remedy is in the workers compensation system. We remand this cause to the trial court with instructions to dismiss for lack of subject matter jurisdiction.
GIVAN, DICKSON and SULLIVAN, JJ, concur.
DeBRULER, J., dissents with opinion.

. Foshee’s claims against the three individual defendants are not a part of this appeal.