**Nathaniel WHITE, Plaintiff–Appellant,**

v.

**Lloyd BENTSEN, Secretary of the Treasury, Defendant–Appellee.**

No. 93–3545.

United States Court of Appeals, Seventh Circuit.

Submitted July 14, 1994.

Decided July 29, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 8, 1994.

Nathaniel White, pro se.

James J. Kubik, Asst. U.S. Atty., Civ.Div., Appellate Section, Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Nathaniel White, employed by the Internal Revenue Service as a revenue agent, believes that his race and sex explain the agency's failure to promote him to a higher grade. He filed an administrative complaint under Title VII of the Civil Rights Act of 1964 and received a hearing before an administrative law judge, who concluded that White's belief is unfounded. The ALJ informed White that he could obtain additional review in one of two ways: by filing suit in a district court within 90 days, or by filing an appeal to the Equal Employment Opportunity Commission within 20 days. See 42 U.S.C. § 2000e–16(c), 29 C.F.R. § 1613.233(a). White did neither. He appealed to the EEOC 60 days after receiving the notice. The EEOC dismissed the appeal as untimely, and the district court then dismissed White's complaint on the ground that the delay bars further action. (By the time the EEOC dismissed the appeal, it was too late for White to commence

an independent suit under the 90–day option.)

The IRS sought to dismiss the case under Fed.R.Civ.P. 12(b)(1), contending that White's delay deprived the district court of subject-matter jurisdiction. If the time limit in 29 C.F.R. § 1613.233(a) is "jurisdictional," then delay may not be excused on account of equitable tolling and related doctrines. White believes that his delay is justifiable, and the IRS contended that the court should not inquire into this contention. Magistrate Judge Bobrick filed a report observing that our court's most recent word on the subject is equivocal. *McGinty v. Department of the Army,* 900 F.2d 1114, 1117–18 (7th Cir.1990), rejected a claim of tolling on the merits without deciding whether a court has the power to entertain such arguments in the first place. Following the same approach, Judge Bobrick recommended that the district judge examine the tolling argument, find it wanting, and dismiss the suit. The district judge adopted this recommendation.

In this court the IRS renews its argument that the district court lacked subject-matter jurisdiction. This argument would have met with success a few years ago, for until recently courts characterized as jurisdictional any limitations on the federal government's consent to be sued. E.g., *Sims v. Heckler,* 725 F.2d 1143 (7th Cir.1984). But in *Rennie v. Garrett,* 896 F.2d 1057 (7th Cir.1990), we overruled *Sims* and held that the time limits for initial claims of employment discrimination by federal agencies are subject to equitable tolling and estoppel. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), held that the time limits for making claims of discrimination against private employers are not jurisdictional; *Rennie* concluded that because Congress has subjected private and public employers to the same substantive rules, there is no reason to give a stingy reading to the terms and conditions in the legislation applicable to public employers.

■ Within a year, the Supreme Court approved both the approach and the holding of *Rennie.* In *Irwin v. Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Court concluded that the time limits specified in § 2000e–16(c) for commencing civil actions are subject to equitable tolling: "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." 498 U.S. at 95–96, 111 S.Ct. at 457. What is true of the *statutory* time limit for filing suits is no less true of the *regulatory* time limit for invoking review by the EEOC. We cannot imagine an argument for treating a time limit in a regulation as "jurisdictional" while time limits in statutes are subject to waiver and estoppel. The answer to the question reserved in *McGinty* then is: "The time limit in 29 C.F.R. § 1613.233(a) is not jurisdictional." Cf. *Weinberger v. Salfi,* 422 U.S. 749, 763–67, 95 S.Ct. 2457, 2463–68, 45 L.Ed.2d 522 (1975) (the only jurisdictional component of the administrative process under the Social Security Act is a final decision by the Secretary; details of the process are not jurisdictional); accord, *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

■ White had 20 days to seek administrative review and took 60. His excuse is that he believes that the transcript of the hearing before the ALJ is inaccurate. White investigated whether the two court reporters engaged to transcribe the tape recording of the hearing are licensed by Illinois; he found that they are not. After making this discovery, he appealed to the EEOC, which was not impressed with this explanation for the belated filing. The regulation permits delay when the employee is unaware of the deadline or circumstances beyond his control delay an appeal, § 1613.233(c), but White was well aware of the time available and able to act within that bound. Errors in the transcript are reasons to appeal, not reasons to delay appeals. That White was still gathering details (the IRS tarried in sending him a copy of the tape recording) did not prevent him from appealing. He does not contend that the IRS misled him in any way about the applicable deadlines or prevented him from initiating the process before the EEOC. The standard grounds of equitable tolling and estoppel, on which see *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446 (7th Cir. 1990), are accordingly absent. White was

told exactly what to do and when to do it. One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules. *McNeil v. United States,* ——— U.S. ———, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

AFFIRMED.