Virgil **BOHAC**, Plaintiff–Appellant,

v.

Togo D. **WEST**, Jr., Secretary of the Army, Defendant–Appellee.

No. 95–2194.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 10, 1996.

Decided May 31, 1996.

Jeffrey C. Mochalski, Ellen M. Frantz (argued), Johns & Flaherty, La Crosse, WI, for Plaintiff–Appellant.

Christa A. Reisterer, Steven O'Connor (argued), Office of the U.S. Atty., Madison, WI, for Defendant–Appellee.

Before HARLINGTON WOOD, Jr., CUDAHY, and ROVNER, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Virgil Bohac appeals the district court's decision to treat the Rule 12(b)(6) motion filed by Togo D. West, Jr., Secretary of the Army ("the Army"), as a motion for summary judgment. In particular, Bohac challenges the district court's failure to provide him with prior notice of the decision to convert the Army's motion and his lack of an opportunity to further supplement the record. For the reasons provided below, we vacate in part and affirm in part. The grant of summary judgment is affirmed.

## I. BACKGROUND

On November 17, 1994, Bohac filed suit against the Army under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Bohac, a civilian employee of the Army at Fort McCoy, Wisconsin, alleged that the Army's failure to promote him to the position of heavy equipment foreman constituted an act of age discrimination and retaliation. Bo-

hac was 62 years old at the time of his non-promotion.

The Army filed a motion to dismiss Bohac's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Army also filed a memorandum in support of its motion to dismiss, to which various exhibits were attached. Bohac filed a memorandum in opposition to the Army's motion, to which Bohac also attached various exhibits.

On April 14, 1995, the district court entered its order on the Army's motion. In regard to Bohac's ADEA claim, the court first determined that the Army's motion should be treated as a motion for summary judgment, since both parties had submitted admissible exhibits outside the pleadings which the court had not excluded. The court thereupon granted the Army's converted motion for summary judgment after concluding that Bohac's suit was barred by his earlier failure to comply with an administrative time limit and by his failure to provide the Equal Employment Opportunity Commission ("EEOC" or "Commission") with 30 days' notice of his intent to file suit. In addition, the court granted the Army's motion to dismiss Bohac's FLSA claim.

Bohac now appeals the district court's order on his ADEA claim. Bohac primarily argues that the district court erred by failing to provide him with prior notice and an opportunity to further supplement the record after the court decided to treat the Army's motion to dismiss as one for summary judgment. Bohac does not appeal the district court's decision to dismiss his FLSA claim.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment by viewing all factual inferences in the light most favorable to the nonmoving party (herein Bohac) and determining de novo whether there exists any genuine issue of material fact requiring submission of the case to the finder of fact or whether judgment as a matter of law was appropriate. Fed.R.Civ.P. 56(c); Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1038 (7th Cir.1993) (citations omitted). Where sum-

mary judgment has been granted in a discrimination case, however, this standard is applied with "added rigor" as intent and credibility are usually crucial issues. *Sarsha*, 3 F.3d at 1038 (citations omitted).

## III. DISCUSSION

### A. *Bohac's ADEA Claim*

In order to properly address the merits of Bohac's appeal, we must first examine the nature of his underlying claim. Under the ADEA, an individual who feels that he or she has been discriminated against in federal government employment on account of age has two remedial options. The aggrieved individual may choose to first file an administrative complaint against the agency alleged to have acted discriminatorily. 29 U.S.C. § 633a(b). Thereafter, the individual may file suit in federal district court if he is not satisfied with his administrative relief. 29 U.S.C. § 633a(c); 29 C.F.R. § 1614.408. To commence an administrative action, however, an Equal Employment Opportunity ("EEO") counselor must first be contacted within 45 days of the date of the questioned incident. 29 C.F.R. §§ 1614.107(b); 1614.105(a)(1).[1] Alternatively, an action may be filed in federal district court in the first instance, provided that the EEOC is given at least 30 days' notice, within 180 days after the occurrence of the questioned matter, of the individual's intent to file such an action. 29 U.S.C. § 633a(d).[2]

In this case, Bohac was notified on May 27, 1994, that he had not been promoted to the position of heavy equipment foreman. Bohac initially chose to pursue administrative relief, but he did not contact an EEO counselor until July 27, 1994—61 days after he was informed of his non-promotion. Consequent-ly, Bohac was notified on August 26, 1994, that his administrative complaint was being dismissed in light of his failure to initiate contact with an EEO counselor within 45 days.

Bohac then filed suit in district court on November 17, 1994. Bohac did not, however, provide the EEOC with any notice, let alone 30 days' notice, of his intent to do so. The district court, relying upon Bohac's failure to provide notice to the EEOC and on the second holding of *McGinty v. United States Dep't of the Army*, 900 F.2d 1114, 1117–18 (7th Cir.1990) (holding that the failure to comply with an administrative time limit bars a subsequent suit in district court), granted summary judgment against Bohac.

### 1. *Thirty Days' Notice of Intent to Sue*

■ We first review the district court's decision regarding Bohac's failure to give the EEOC 30 days' notice of his intent to file suit. As stated by 29 U.S.C. § 633a(d), such notice need only be filed "[w]hen the individual has not filed a complaint concerning age discrimination with the Commission." The district court evidently concluded that the complaint filed by Bohac with the Army's EEO office did not constitute the filing of a complaint "with the Commission." Although there is support for the district court's view, we must disagree with this conclusion.

We acknowledge that the case law on this subject is divided. *Compare McIntosh v. Weinberger*, 810 F.2d 1411, 1425 n. 6 (8th Cir.1987) (holding that the filing of a formal complaint with the employee's agency constitutes filing a complaint with the EEOC), *vacated on other grounds sub nom. Turner v. McIntosh*, 487 U.S. 1212, 108 S.Ct. 2861, 101 L.Ed.2d 898, *and cert. denied*, 487 U.S.

1. Section 1614.105(a)(1) states:

(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

(1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

2. Section 633a(d) states, in pertinent part:

When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

1217, 108 S.Ct. 2870, 101 L.Ed.2d 905 (1988); *Ray v. Nimmo,* 704 F.2d 1480, 1484 (11th Cir.1983) (same); *Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981) (same), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983); *with Lackhouse v. Brady,* 746 F.Supp. 751, 754–57 (N.D.Ill.1990) (holding that the filing of a formal complaint with the employee's agency does *not* constitute the filing of a complaint with the EEOC); *Hinton v. Solomon,* 475 F.Supp. 105, 108 (D.D.C. 1979) (same). This case law neatly exemplifies the Eleventh Circuit's observation that "[t]he regulatory complaint process is far from clear." *Ray,* 704 F.2d at 1484 n. 10. After conducting our own review of this process, we conclude that those cases which declined to equate a formal agency filing with an EEOC filing for purposes of § 633a(d) should not be followed.

In *Lackhouse,* for example, the court based its decision on the then-prevailing exhaustion of administrative remedies requirement. As *Lackhouse* quite perspicaciously inquired: "In logical terms, what possible sense could there be to requiring administrative exhaustion if one of the preliminary steps that an individual must take in the administrative process automatically serves to open up another channel of almost immediate access to the courts?" 746 F.Supp. at 755. This concern was certainly valid at the time it was expressed; as discussed below, however, exhaustion is no longer required. *See Adler v. Espy,* 35 F.3d 263 (7th Cir.1994). Thus, the impetus behind *Lackhouse* no longer exists.

In *Hinton,* on the other hand, the court was primarily influenced by the purpose behind the 30 days' notice requirement:

> It is clear from the language of the statute that the purpose of providing notice to the Commission is to permit that body to contact the prospective defendants and take action to eliminate unlawful practices.... Although the filing of an administrative complaint would provide notice to prospec-

tive defendants, it would neither make the Commission aware of the alleged discrimination problem nor give the Commission the opportunity to exercise its directive to resolve the matter short of a judicial proceeding.

*Hinton,* 475 F.Supp. at 108 (internal statutory citations omitted). In light of the significant sharing of responsibilities between the EEOC and the agencies under the regulatory scheme, however, we believe that the goals of the 30 days' notice provision are sufficiently advanced through the filing of a formal administrative complaint.

> [T]he purpose of the notice of intent to sue requirement is to allow the EEOC to attempt conciliation. Under the complaint process, however, the regulations require that the aggrieved party, *prior* to filing an EEOC complaint, consult with the Agency's EEO Counselor so that the Counselor may seek an informal adjustment of the complaint.

*Ray,* 704 F.2d at 1484 n. 9. Thus, by the time that a formal administrative complaint is filed, an EEO counselor at the agency will have already attempted to informally resolve the dispute. Moreover, an agency's EEO counselor, who is apt to be more familiar with the workings of the particular agency, and who might even be familiar with the individuals involved, is likely to be as effective, if not more so, at reaching an informal settlement of the grievance as the EEOC.[3]

Therefore, if we are to affirm the grant of summary judgment, we must do so solely on the basis of the district court's reliance on the second holding of *McGinty.* For the reasons discussed below, we conclude that this ground is meritorious and ultimately sufficient.

### 2. McGinty

■ Like Bohac, McGinty was a civilian employee of the Army. After McGinty was denied promotion to a position of permanent

---

**3.** In addition, we note that the regulation which addresses Bohac's precise situation—the filing of a civil action following the receipt of a final decision at the agency level—does not mention the 30 days' notice requirement: "A complainant who has filed an individual complaint ... is authorized under ... the ADEA ... to file a civil action in an appropriate United States District Court: (a) Within 90 days of receipt of the final decision on an individual ... complaint if no appeal has been filed...." 29 C.F.R. § 1614.408(a).

employment, she filed a formal administrative complaint alleging age discrimination. McGinty's complaint was rejected on the merits and she was informed of her right to file an administrative appeal with the EEOC within 20 days.[4] Instead of filing a timely administrative appeal, McGinty filed suit in district court more than eight months later.

The district court dismissed McGinty's suit after concluding that administrative remedies must be exhausted, once they are initiated, before suit may be filed in district court. After she had filed her suit in district court, but before that court had ruled on the matter, McGinty did file an appeal with the EEOC, but the EEOC dismissed this appeal because it was filed well outside the 20–day time limit. After the EEOC had dismissed McGinty's administrative appeal for untimeliness, McGinty filed a second suit in district court. The district court dismissed the second suit after it concluded that it was barred by McGinty's earlier failure to comply with the applicable administrative time limits.

Upon review, we upheld the district court's dismissals of McGinty's two suits. Stating that "administrative remedies, once initiated, must be exhausted before a suit may be filed," we upheld the dismissal of McGinty's first suit. 900 F.2d at 1117 (citations omitted). We then held that the second suit was barred by the EEOC's dismissal of McGinty's administrative complaint for untimeliness. *Id.* at 1118.

The viability of our first holding was cast into doubt by *Stevens v. Department of the Treasury,* 500 U.S. 1, 9–10, 111 S.Ct. 1562, 1567–68, 114 L.Ed.2d 1 (1991), when the Solicitor General advised the Court that the government no longer believed that exhaustion of administrative remedies was required. The government later made the same concession before this court. *See Espinueva v. Dalton,* No. 93–1582, 1994 WL 109019 (7th

Cir. Mar.30, 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 131, 130 L.Ed.2d 74 (1994). Accordingly, we no longer require that administrative remedies, once begun, must be exhausted before suit is filed in district court. *Adler v. Espy,* 35 F.3d 263 (7th Cir.1994). *See also* 29 C.F.R. § 1614.410 (providing for the termination of the EEOC's processing of an appeal upon the filing of a civil action).

As discussed above, the district court relied on the second holding of *McGinty* in support of its decision to grant the Army's converted motion for summary judgment. This second holding, however, was expressly indeterminate as the *McGinty* court refused to decide whether the administrative time limits should be treated as jurisdictional or as statutes of limitation.[5] We recently had the opportunity to revisit this issue and we held that these administrative time limits are *not* jurisdictional. *See White v. Bentsen,* 31 F.3d 474, 475 (7th Cir.1994) (citations omitted), *cert. denied,* —— U.S. ——, 115 S.Ct. 1426, 131 L.Ed.2d 309 (1995). While it is true that *White* addressed an intermediate administrative time limit, we now hold that the rationale expressed in *White* applies equally to the initial administrative time limit at issue here.

## B. *The District Court's Decision to Treat the Army's Rule 12(b)(6) Motion as a Motion for Summary Judgment*

Since these administrative time limits are akin to statutes of limitation, Bohac should have been permitted to introduce evidence demonstrating his entitlement to the equitable remedies of tolling, estoppel, or waiver.[6] Bohac was not provided with any such opportunity and this is the subject of his appeal. Bohac focuses here on the language of Rule 12(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

---

4. The time limit for appeals to the EEOC has since been expanded to 30 days. *See* 29 C.F.R. § 1614.402(a).

5. As the *McGinty* court stated: "We need not decide whether the holding of [*Rennie v. Garrett,* 896 F.2d 1057 (7th Cir.1990)] would require the ADEA administrative deadlines to be treated like statutes of limitations rather than jurisdictional

prerequisites because McGinty's complaint must be dismissed under either analysis." 900 F.2d at 1118.

6. The regulations themselves support this conclusion: "The time limits in this part are subject to waiver, estoppel and equitable tolling." 29 C.F.R. § 1614.604(c).

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and *all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*[7]

(Emphasis added).

 This language generally requires the district court to provide the parties with prior notice and a reasonable opportunity to supplement the record when the court decides to treat a motion to dismiss as a motion for summary judgment. *See, e.g., Milwaukee Typo. Union No. 23 v. Newspapers, Inc.,* 639 F.2d 386, 391 (7th Cir.) (citations omitted), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981). It is true that no notice was provided by the district court in this case, but we have previously declined to apply a bright-line rule in such situations. *Burick v. Edward Rose & Sons,* 18 F.3d 514, 516 (7th Cir.1994) (citations omitted). Rather, we will only find the grant of summary judgment to have been improper "[w]here the record discloses the existence of unresolved material fact issues, or where the parties represent that they would have submitted specific controverted material factual issues to the trial court if they had been given the opportunity." *Milwaukee Typo. Union,* 639 F.2d at 391 (citations omitted). We conclude that there are no unresolved factual issues in this record; the evidentiary materials which Bohac claims that he would have introduced likewise fail to raise an issue of material fact.

 The unsubmitted evidentiary materials in question are intended to demonstrate that the 45–day initial consultation deadline should have been tolled in this instance. Bohac argues that tolling is appropriate because he was allegedly lulled into inaction by Army personnel and thereby misled.[8] Our review of this matter, however, has convinced us otherwise.

We initially note that any "misleading" that might have taken place here must have occurred before the 45–day deadline had passed in order to be effectual and thereby within the ambit of the equitable tolling doctrine. *See Cada,* 920 F.2d at 451 (Equitable tolling "denotes efforts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to *prevent* the plaintiff from suing in time.") (emphasis added). Bohac apparently had three such pre-deadline contacts, directly or indirectly, with Army personnel. Before initiating contact with an EEO counselor, Bohac had already contacted the civilian personnel office, his union, and his congressman.

Although it appears that the Army did not expressly raise the issue of administrative time limits on these occasions, any obfuscation by silence which might have resulted is immaterial. The record shows that reasonable measures were taken by the Army to inform individuals such as Bohac of the nature of their administrative remedies. Bohac does not challenge the Army's assertion that posters were displayed in Bohac's work place which prominently mentioned the 45–day initial consultation deadline.[9] We conclude that

---

7. The advisory committee's notes further clarify this language:

> The addition at the end of subdivision (b) makes it clear that on a motion under Rule 12(b)(6) extraneous material may not be considered if the court excludes it, but that if the court does not exclude such material the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. It will also be observed that if a motion under Rule 12(b)(6) is thus converted into a summary judgment motion, the amendment insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment.

8. The tolling doctrine implicated by this argument is termed equitable estoppel. Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir.1990) (citations omitted), *cert. denied,* 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991).

9. The regulations require the posting of this information: "In order to implement its program, each agency shall: ... Publicize to all employees and post at all times ... a notice of the time

the presence of these posters was sufficient to notify Bohac of the applicable time limits. *See Kontos v. United States Dep't of Labor,* 826 F.2d 573, 576 (7th Cir.1987) (implying that the posting of such information would be sufficient to notify an employee of the time limits). We conclude, therefore, that mere silence on the part of the Army was insufficient to dissolve that knowledge of the time limits which Bohac is deemed to have possessed under these circumstances.

Moreover, we note that Bohac was no stranger to the administrative complaint process. The record reveals that he had previously filed an EEO complaint alleging age discrimination in 1991. In addition, the district court's conversion of the Army's motion cannot have come as a surprise to Bohac as both parties presented material outside the pleadings. In fact, Bohac's memorandum in opposition to the Army's motion to dismiss expressly envisions the possibility that the court might take this course.[10]

It is not clear why Bohac tarried in contacting the EEO office; if it was his strategy to delay filing a formal complaint until after he had pursued his other options, it was a strategy that failed him. "One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules." *White,* 31 F.3d at 476 (citations omitted).

Therefore, we conclude that any error committed by the district court in failing to apprise the parties of its intention to convert the Army's motion to dismiss into a motion for summary judgment was harmless.

limits and necessity of contacting a Counselor before filing a complaint...." 29 C.F.R. § 1614.102(b)(6).

10. Bohac's memorandum states, in pertinent part:
 It is the position of the plaintiff that he has the ability to proceed in federal court as a federal employee under the Age Discrimination in Employment Act (ADEA), and that he need not exhaust administrative remedies. Moreover, if the court determines otherwise, Mr. Bohac requests that the court treat the defendant's motion as one for summary judgment so that evidentiary facts may be appropriately before the court.
 . . . .

"[W]here no potential disputed material issue of fact exists, a summary judgment will not be disturbed even though the district court disregarded the procedure which should have been followed." *Milwaukee Typo. Union,* 639 F.2d at 391 (citation omitted).

## IV. CONCLUSION

Bohac did not file suit in district court as an initial matter and he did not provide the EEOC with 30 days' written notice of his intent to file suit. Therefore, Bohac's suit was properly before the district court only by virtue of the filing of his earlier administrative complaint. Since Bohac's earlier administrative complaint served to admit him to the district court, we must require that this earlier filing be timely and otherwise properly executed. Bohac has failed to state a viable equitable defense to excuse his failure to comply with the 45-day initial consultation deadline; we therefore affirm the district court's grant of summary judgment.

For the reasons set forth above, we vacate in part, and affirm in part, the decision of the district court. The parties shall bear their own costs.

VACATED IN PART AND AFFIRMED IN PART.

[I]f the court determines Mr. Bohac needed to file with the agency within the 45 days in order to pursue his federal court action, then it is respectfully requested that evidentiary facts are properly before the court since this motion to dismiss and the response has [sic] referred to facts outside of the pleadings. At that time it would be appropriate for the court, based on the facts presented, to determine whether equitable tolling applies or not.
 For the reasons above, Mr. Bohac respectfully requests that the court deny the motion to dismiss or in the alternative to treat this motion as one for summary judgment so the appropriate evidentiary facts may be before the court by way of affidavits.