**Thomas J. TACKET, Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION, DELCO REMY DIVISION, Defendant–Appellee.**

No. 95–3333.

United States Court of Appeals, Seventh Circuit.

Argued April 3, 1996.

Decided Aug. 15, 1996.

Frank B. Harshey (argued), Indianapolis, IN, for Plaintiff–Appellant.

Herbert C. Snyder, Jr. (argued), Barnes & Thornburg, Fort Wayne, IN, for Defendant–Appellee.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

BAUER, Circuit Judge.

In 1985, someone painted "Tacket Tacket What A Racket" on the wall of General Motors' Anderson, Indiana assembly plant. It was a reference to Thomas J. Tacket, at the time an employee at the plant. The stenciled letters may seem harmless to many, but Tacket claimed that General Motors' failure to remove the message defamed him and irreparably damaged his reputation. To say litigation ensued would be an understatement. Tacket filed his defamation action in Indiana state court, and General Motors removed it to the federal district court. After

a jury trial on February 17, 1987, the court directed a verdict in favor of the defendant. *Tacket v. Delco Remy Div. of General Motors Corp.*, 678 F.Supp. 1387 (S.D.Ind.1987). We reversed this decision in part, 836 F.2d 1042 (7th Cir.1987), and on remand a jury awarded Tacket $100,000. General Motors appealed, and we reversed again, on the ground that Tacket had produced insufficient evidence of his psychological injury to uphold the jury's award. *Tacket v. Delco Remy Div. of General Motors Corp.*, 937 F.2d 1201 (7th Cir.1991). The district court vacated the verdict and entered judgment for General Motors.

End of story, or so one might have thought. On March 6, 1987, two weeks after receiving the initial directed verdict, General Motors fired Tacket. Claiming that the defamation suit led to his termination, Tacket promptly filed a wrongful discharge and breach of contract action. The district court granted summary judgment for General Motors, Tacket appealed, and we reversed. *Tacket v. Delco Remy, A Division of General Motors Corp.*, 959 F.2d 650 (7th Cir.1992). On remand, General Motors moved for partial summary judgment on Tacket's claims on the grounds that no public interest would be served by punitive damages, and that the Indiana Worker's Compensation Act, Ind. Code § 22–3–2–6, preempted his claim for emotional damages.[1] The district court denied the motion, 818 F.Supp. 1243 (S.D.Ind. 1993), and gave Tacket twenty days to amend his complaint to plead an independent tort which allowed for punitive damages.

Tacket did so, and his amended complaint asserted three counts against General Motors: 1) that General Motors is liable for breaching his employment contract; 2) that General Motors breached the employment contract "without just cause, [ ] wrongful[ly], and . . . to cause emotional distress;" and 3) that General Motors' conduct was intentional, outrageous, and done with the intent to cause emotional distress. Count II sought compensatory emotional distress damages, and Count III sought punitive damages. The district court dismissed *Count II*, 830

---

1. Without punitive damages or damages for emotional distress, Tacket would be unable to reach the $50,000 amount in controversy requirement for diversity jurisdiction.

F.Supp. 468 (S.D.Ind.1993), and on September 9, 1993 stayed the remaining counts pending the outcome of a question certified to the Indiana Supreme Court in *Baker v. Westinghouse Electric Corp.*, 637 N.E.2d 1271 (Ind.1994), concerning the intentional tort exception to the exclusivity provision of the Indiana Worker's Compensation Act. After the Indiana Supreme Court issued its decision, the district court granted the defendant's motion to dismiss finding that Tacket had not met the limited intentional tort exception to the Worker's Compensation Act. By considering matters outside the pleadings, the district court converted General Motors' motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). Tacket now appeals the dismissal. We reverse, and instruct the district court that Tacket's civil action may proceed with respect to his non-physical injuries and his breach of contract claim.

■ General Motors' motion to dismiss is a challenge to whether an Indiana state court (and therefore a federal district court sitting in diversity) would have had subject matter jurisdiction over Tacket's claim. *See* Fed. R. Civ. P. 12(b)(1). If it would not, then Tacket has failed to state a claim upon which relief can be granted. The defendant's motion, therefore, is more properly characterized as a motion to dismiss under Fed. R.Civ.P. 12(b)(6).[2] *See Beach v. Owens–Corning Fiberglas Corp.*, 728 F.2d 407, 408 (7th Cir.1984) (where the district court ruled that it was without jurisdiction to hear a case because of the exclusive jurisdiction of an administrative board, the proper analysis is that the plaintiffs failed to state a claim upon which relief could be granted). If in ruling on a motion under Rule 12(b)(6), a court considers matters outside the pleading, it shall treat the motion as one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b); *Bohac v. West*, 85 F.3d 306, 311 (7th Cir.1996). The district court did so, and we review the grant or denial of a motion for summary judgment *de novo*.

Determining whether an Indiana state court would have subject matter jurisdiction over Tacket's claim requires an analysis of the exclusivity provisions of the Indiana Worker's Compensation Act, Ind.Code § 22–3–2–6. Under Indiana law, the Indiana Worker's Compensation Board has exclusive jurisdiction over claims that arise under the Act. Section 22–3–2–6 provides:

> The rights and remedies granted to an employee subject to Indiana Code §§ 22–3–2 through 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death.

■ The Indiana Supreme Court interpreted this provision in three cases decided in 1994: *Baker v. Westinghouse Electric Corp.*, 637 N.E.2d 1271 (Ind.1994); *Foshee v. Shoney's Inc.*, 637 N.E.2d 1277 (Ind.1994); and *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282 (Ind.1994). In *Baker*, the court acknowledged that intentional torts were beyond the reach of the act. *Baker*, 637 N.E.2d at 1273. However, the court also noted that with regard to intent, "nothing short of deliberate intent to inflict an injury, or actual knowledge that an injury is certain to occur, will suffice." *Id.* at 1275. Moreover, it must be the employer who harbors the intent and not merely a supervisor, manager or foreman. *Id.; see also National Can Corp. v. Jovanovich*, 503 N.E.2d 1224, 1233 (Ind.1987).

In *Foshee*, the plaintiff alleged that her employer engaged in culpable misconduct by "allowing" events which posed "an imminent likelihood of injury or death to the Plaintiff and where this injury or death was substantially certain to occur." *Foshee*, 637 N.E.2d at 1279. The court held that after *Baker*, this was not sufficient to demonstrate that the *employer* intended the injury. To meet this intent requirement, a plaintiff must show either that the corporation is the tortfeasor's

---

**2.** This applies, of course, only to the dismissal of Count III, the claim for intentional infliction of emotional distress. Once the court dismissed Count III, the only remaining count was Tacket's breach of contract claim. Because Tacket stipulated that this claim did not meet the $50,000 threshold for diversity jurisdiction, the court dismissed it under Rule 12(b)(1).

alter ego or that the injuries were the intended product of a corporate policy. *Id.* at 1281. This is precisely the problem with Tacket's claim. Tacket has not alleged that the supervisors who fired him so owned and controlled General Motors that the company can be imputed to have known that emotional distress was certain to occur. Moreover, Tacket has presented no evidence of any corporate policy by which General Motors fires employees who file lawsuits. For that matter, Tacket has not presented evidence of any other employees whom General Motors allegedly fired for that purpose. Absent any such evidence, Tacket cannot establish that General Motors, as a corporate entity distinct from any of its managers, intended to injure him.

■ Confronted with the insurmountable hurdle of corporate intent, Tacket instead relies upon *Perry*, the third leg of the *Baker* trilogy to escape the exclusivity provision of the Worker's Compensation Act. Fortunately for Tacket, this decision provides a thin reed on which his claim remains afloat. In *Perry*, the Indiana Supreme Court examined the types of injury covered by the Worker's Compensation System. Perry specifically asserted that he suffered embarrassment, humiliation, stress and paranoia, and that his character and reputation had been damaged. *Perry*, 637 N.E.2d at 1288. Because Perry conceded that he had not sustained any physical injury or loss of physical function, the court concluded that he was not impaired, disabled, or injured within the meaning of the Worker's Compensation Act and therefore could maintain a civil action in Indiana state court. *Id.* at 1288–89; *see also Landis v. Landis*, 664 N.E.2d 754, 756 (Ind.App. 1996). Like Perry, Tacket has alleged no physical injury as a result of his discharge. To the extent that Tacket seeks damages solely for emotional injuries, he has not been injured, impaired or disabled as defined by the Indiana Worker's Compensation Act. Tacket could have brought his emotional distress claim in Indiana state court, and we must reverse the district court's entry of judgment.

General Motors argues that throughout the litigation of his defamation action, Tacket expanded the scope of his emotional damages to include physical injuries. At his second trial, for example, Tacket testified that his distress resulted in an inability to get work done, and that the distress manifested itself in physical pain in the wrists and arms as well as various stomach problems. This may well be true, but the testimony that General Motors cites pertains solely to Tacket's original defamation action. Tacket has not alleged any physical injury resulting from his discharge, and as long as he does not, his action may proceed.

On remand, Tacket may present evidence of any nonphysical injuries he suffered, but if he wishes to recover for any physical injuries, he must do so before the Indiana Worker's Compensation Board. The district court also shall exercise supplemental jurisdiction over Tacket's $3,000 breach of contract claim. *See* 28 U.S.C. § 1367.

### Conclusion

For the foregoing reasons, the district court's decision to enter judgment in favor of General Motors is

REVERSED AND REMANDED.