97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas E. HALE, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, Defendant-Appellee.
 No. 95-2098.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 27, 1996.*
Decided Sept. 13, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Nov. 26, 1996.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On March 30, 1993, Thomas E. Hale filed the present suit under Title VII, alleging that in 1988 he was terminated wrongfully from his employment by the Postal Service. The defendant moved to dismiss Hale's suit, claiming that it was barred by res judicata due to a previous suit, Hale v. Runyon, Northern District of Illinois, Eastern Division, Case No. 90 C 4532 ("Hale I "), Hale had filed and lost in the district court. (The defendant actually mislabelled his argument in his Motion to Dismiss--as he does on appeal--as one of collateral estoppel.)
 
 
 2
 The district court set a hearing for August 10, 1993, to rule on the defendant's motion. On August 4, this court issued its Order in Hale I, affirming the district court's dismissal of that suit. See Hale v. Runyon, No. 92-1725 (7th Cir. Aug 4, 1993) (unpublished order). On August 5, before the date set for the hearing and before Mr. Hale had an opportunity to respond to the defendant's Motion to Dismiss, the district court issued a Minute Order dismissing the present suit. After a long and convoluted process, this appeal followed.
 
 
 3
 Although the district court erred by dismissing Mr. Hale's second suit before he had an opportunity to respond to the defendant's motion, that error was harmless. The sole feature distinguishing Mr. Hale's present suit from Hale I is his claim that the defendant fraudulently withheld from him certain information, thereby negating the preclusive effect of his prior suit. See Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948) (a judgment obtained through fraud cannot act as a bar to a subsequent suit on the same cause of action); Miller v. United States, 438 F.Supp. 514, 523 (E.D.Pa.1977) (same). To avoid the application of res judicata, however, the party seeking to avoid its effect must prove that the first judgment was obtained through extrinsic fraud (i.e., a fraud that went to the integrity of the judicial proceeding in the first judgment, Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 421 (1923); United States v. Throckmorton, 98 U.S. 61, 66 (1878)), rather than through intrinsic fraud (a fraud which is intrinsic to the cause of action itself). Even construing Mr. Hale's claim of fraud in the strongest possible light in his favor, he does not claim that the defendant engaged in any extrinsic fraud, and thus, he cannot avoid the application of res judicata.
 
 
 4
 At most, Mr. Hale claims that due to the defendant's fraud he was unaware of his cause of action or the time limits pertaining thereto until after the time limit to file an EEOC complaint had expired. This claim of intrinsic fraud might have been a valid defense in Hale I to the defendant's argument that Mr. Hale's suit there was barred by his failure to file a timely EEOC complaint. But to take advantage of this argument, Mr. Hale needed to raise a claim of estoppel in the district court while Hale I was still pending there--he did not. Mr. Hale admits that on April 15, 1991 he got whatever notice he claims the defendant wrongfully withheld; the district court did not dismiss Hale I until November 27, 1991. Mr. Hale makes no claim that any fraud by the defendant precluded him from raising a claim of estoppel in the seven months between the time he got that notice and the time the district court dismissed Hale I. Having waived that argument in Hale I, Mr. Hale cannot avail himself of it in Hale II.[1]
 
 
 5
 Because Mr. Hale makes no claim of extrinsic fraud which could avoid the application of res judicata to his present suit, the district court's dismissal of this case before he had an opportunity to respond to the defendant's motion was harmless error--Mr. Hale makes no representation that he would have submitted any evidence of extrinsic fraud had he been given an opportunity to respond. Bohac v. West, 85 F.3d 306, 312 (7th Cir.1996). Accordingly, the decision of the district court dismissing Hale's second suit is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Hale apparently did try to raise this argument on appeal in Hale I, but even then, it was too late--having failed to raise it in the district court when he could have, he could not later raise the argument on appeal