124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James CARROLL, Plaintiff-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Defendant-Appellee.
 No. 96-2711.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 7, 1997.*
Filed Aug. 18, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, No. 95-CV-227; Paul E. Riley, Judge.
 Before POSNER, Chief Judge and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 James Carroll was fired by the Department of Veterans Affairs before his probationary period ended. His suit alleges that the Department discriminated against him on account of race, but this claim was brought up short by the fact that he had not filed a charge of race discrimination with the EEOC or used the administrative remedies provided for such charges. These are preconditions to suit against the federal government. See 42 U.S.C. § 2000e-5(f)(1); Brown v. General Services Administration, 425 U.S. 820 (1976); Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990).
 
 
 2
 Carroll concedes that he did not take the steps required by law. He believes that it was enough to file a claim with the Merit Systems Protection Board, but that is not so: the MSPB dismissed for want of jurisdiction, because Carroll had not completed his probationary period, and anyway the MSPB is not the EEOC. When rejecting Carroll's internal protest of his discharge, the Department advised him: "The administrative procedure for allegations of disparate treatment/discrimination under Title VII is the EEO complaint process." The letter identified four EEO counselors who Carroll could consult to learn more about the procedures to use. Carroll did not visit an EEO counselor or follow the statutory procedures. Someone who is told exactly what to do, yet chooses to do something different, lacks any equitable claim to a departure from legal requirements. White v. Bentsen, 31 F.3d 474 (7th Cir.1994).
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)