**James Francis GILLET, Plaintiff,**

v.

**James B. KING, Director, Office of Personnel Management, et al., Defendants.**

**Civil Action No. 94–1619.**

United States District Court, District of Columbia.

July 8, 1996.

James Francis Gillet, Overland, KS, pro se.

Asst. U.S. Atty. Bruce R. Hegyi, Washington, DC, for Defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

Before the Court are defendants' motion to dismiss, plaintiff's opposition thereto, and defendants' reply.[1] A plaintiff's factual allegations must be presumed true and

---

1. Defendants are five individuals named in their official capacities: James B. King, Director of the Office of Personnel Management ("OPM"); Leonard R. Klein, Associate Director, Career Entry Group, OPM; John E. Flannery, Acting Deputy Assistant Director For Administrative Law Judges, OPM; John E. Kraft, Acting Chairman, Administrative Law Judge Rating Appeals Panel, OPM; and Nahum Litt, Chief Administrative Law Judge of the Department of Labor.

liberally construed in his favor when reviewing the adequacy of a complaint for purposes of a Rule 12(b)(6) motion. *Phillips v. Bureau of Prisons,* 591 F.2d 966, 968 (D.C.Cir. 1979) (citing *Miree v. DeKalb County, Georgia,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977)). In addition, plaintiff must be given every favorable inference that may be drawn from his allegations of fact. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." 2A *Moore's Federal Practice,* § 12.07, at 63 (2d ed. 1986) (footnote omitted); *see Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C.Cir.1987) ("A plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes of a motion to dismiss under Rule 12(b)(6)).

Dismissal is appropriate only if it appears beyond doubt that no set of facts proffered in support of plaintiff's claim would entitle him to relief. *Haynesworth,* 820 F.2d at 1254 (citations omitted); *Phillips,* 591 F.2d at 968. Upon consideration, the Court finds this to be the case and therefore dismisses plaintiff's complaint. Although findings of fact and conclusions of law are unnecessary in ruling on motions to dismiss, *see* Fed.R.Civ.P. 52(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), the Court nonetheless sets forth its reasoning.

*Background*

Plaintiff is a Caucasian male who is currently employed by the Social Security Administration's Office of Hearings and Appeals ("OHA") as an attorney.[2] On March 29, 1993, plaintiff filed an application for appointment as a federal Administrative Law Judge

("ALJ"). Plaintiff then completed the OPM's ALJ examination process and received a final rating from the OPM. Although plaintiff was dissatisfied with his overall rating, his rating enabled him to be placed on the register of persons eligible for ALJ positions. Plaintiff appealed his final rating, however, and received a Revised Notice of Final Appeal on March 23, 1994. This action followed.[3]

Defendants initially moved to dismiss plaintiff's Title VII claim, which forms the basis of his complaint. Plaintiff responded in his opposition by acknowledging that his Title VII claim should be dismissed because he had not exhausted his administrative remedies, but plaintiff then argued that there were a host of other reasons why his action should go forward. Defendants responded to each of plaintiff's arguments in their reply. Accordingly, defendants' motion to dismiss and defendants' reply to plaintiff's opposition have been taken together by the Court to constitute defendants' arguments for dismissal. Defendants argue that this action should be dismissed because: (1) this Court is without jurisdiction over plaintiff's Title VII claims, since plaintiff failed to exhaust his administrative remedies; (2) this Court is without jurisdiction over plaintiff's Civil Service Reform Act ("CSRA") claim, because the proper forum for plaintiff's appeal is in the Federal Circuit; and (3) neither of plaintiff's constitutional claims has merit.

*Discussion*

Plaintiff correctly admits in his response to defendants' motion to dismiss that this Court does not have jurisdiction over the Title VII claim. It is axiomatic that a plaintiff must exhaust his administrative remedies prior to instituting a Title VII judicial action against a federal agency. *See, e.g., United Air Lines, Inc. v. Evans,* 431 U.S. 553, 555, 97 S.Ct. 1885, 1887, 52 L.Ed.2d 571 (1977);

---

**2.** Plaintiff has brought this action both as an individual and as a class representative. However, because plaintiff has failed to move for class certification pursuant to Local Rule 203(b), all matters concerning plaintiff as a class representative will not be discussed within, and plaintiff's class allegations are dismissed.

**3.** On July 22, 1994, three days prior to filing this action, plaintiff also appealed his rating to the Merit Systems Protection Board ("MSPB"). Plaintiff's appeal to the MSPB was dismissed by an MSPB administrative law judge, and plaintiff filed a petition for review. The petition was denied by the MSPB on April 27, 1995, and it is unclear from the record whether plaintiff attempted to appeal the decision of the MSPB.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); *Bayer v. United States Dep't of the Treasury*, 956 F.2d 330 (D.C.Cir.1992). Since plaintiff admits that he has not exhausted his administrative remedies, plaintiff's Title VII claim is not properly before this Court and is therefore dismissed.

■ Plaintiff also accurately acknowledges in his opposition that there is no jurisdictional basis in this Court for a claim under the CSRA. The CSRA provides that a review of a final decision of the MSPB "shall be filed with the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703 (1994). Additionally, in *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), the Supreme Court held that the "integrated system" of review provided in the CSRA foreclosed an implied right of judicial review under another statute. *See also Bush v. Lucas*, 462 U.S. 367, 388, 103 S.Ct. 2404, 2416, 76 L.Ed.2d 648 (1983); *Carducci v. Regan*, 714 F.2d 171 (D.C.Cir.1983). While it is unclear whether plaintiff has appealed the decision of the MSPB to the Federal Circuit, that is the proper channel for his appeal. Hence, this Court is without jurisdiction over plaintiff's CSRA claim, and that claim likewise is dismissed.

Plaintiff's remaining claims are based on the Fifth Amendment of the United States Constitution.[4] Plaintiff argues that defendants have violated his rights under both the Due Process Clause and the Equal Protection Clause. The Court finds no merit in either of these claims.

■ In order to make out a due process claim, plaintiff must establish a deprivation of a liberty interest or a property interest protected by the Due Process Clause. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976); *Board of Regents of State Colleges v. Roth*, 408 U.S.

564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *White v. OPM*, 787 F.2d 660 (D.C.Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 276, 93 L.Ed.2d 252 (1986). Plaintiff has failed to establish that he has either a liberty interest or a property interest in employment as an ALJ.

■ Plaintiff apparently claims (though it is far from clear) that he has a liberty interest protected by the Due Process Clause in being an ALJ, and that his due process rights have been violated because of his failure to receive a high overall rating in the ALJ eligibility register. The essence of plaintiff's due process argument has previously been rejected by the D.C. Circuit, in a case substantially the same as plaintiff's case. In *White v. OPM*, 787 F.2d 660 (D.C.Cir. 1986), *cert. denied*, 479 U.S. 885, 107 S.Ct. 276, 93 L.Ed.2d 252 (1986), a plaintiff who also had applied for, but had not been selected for, an ALJ position, challenged his failure to receive a hearing before the OPM abolished his position on the ALJ register of eligibles and required him to reapply. The *White* court stated:

> The government's relationship with an applicant for a particular job does not implicate the due process clause's protection of liberty interests.... We decline to find a constitutionally protected liberty interest in the freedom to pursue the profession of administrative law judge in the employ of the United States.... We simply do not believe that lawyers who wish to become administrative law judges with the United States possess a liberty interest in the mere pursuit of that employment.

787 F.2d at 665. Because an ALJ position is simply one particular job and is not in itself a profession, *see id.*, plaintiff cannot establish a liberty interest in becoming an ALJ.[5] *See id.* Plaintiff still holds a position as a staff attorney with the OHA, so the government has not excluded plaintiff from all government employment in his profession as an

---

4. Because plaintiff takes some 30 pages to discuss his constitutional claims, the Court will rather summarily discuss why his constitutional claims have no merit, without addressing each of plaintiff's individual arguments *seriatim*.

5. Moreover, because the OPM is obviously not involved in the licensing of attorneys (a profession), and has not interfered with plaintiff's right to practice law (plaintiff admits he is employed as an attorney with the federal government), plaintiff is unable to identify or implicate a legitimate liberty interest. *White*, 787 F.2d at 665.

attorney. In addition, plaintiff is on the list of persons eligible to become an ALJ; he is simply dissatisfied with his overall rating.

Plaintiff contends, however, that the standard articulated in *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), gives his due process claim merit. Plaintiff is incorrect. In *Roth*, the Supreme Court found that a non-tenured professor did not have a liberty interest in having a one-year teaching appointment renewed beyond its initial term. The *Roth* Court held that the Constitution did not require an opportunity for a hearing when a state university employer declined to retain plaintiff for another term of years, unless the university's decision not to renew the plaintiff's contract deprived the plaintiff of certain narrowly defined liberty interests, or the plaintiff had a property interest in continued employment despite the lack of tenure or a formal contract with his employer. The Court noted that the liberty and property interests protected by procedural due process were not without limits: "It stretches the concept of liberty too far to suggest that a person is deprived of 'liberty' when he is simply not rehired in one job but remains as free as before to seek another." *Id.* at 575, 92 S.Ct. at 2708.

The *Roth* Court recognized that there may be instances where a decision not to rehire might so seriously damage an employee's "standing and associations in the community," or might impose such a stigma, that the employee would be effectively foreclosed from taking advantage of other, similar employment opportunities. *Id.* at 573, 92 S.Ct. at 2707. The Court held that in such circumstances, a liberty interest may be cognizable. *Id.* This is not the case here. First, as noted *supra*, plaintiff is currently employed as a government attorney, so plaintiff clearly has been able to find employment in his profession (and with the very entity he alleges denied him the opportunity to practice his profession). Second, plaintiff's score on the ALJ examination is not a matter of public record, which removes any hint or possibility

of public stigma resulting from the publication of plaintiff's score.[6] Third, the *Roth* Court cites several cases in which the government has put a person's reputation, honor, or integrity at stake as illustrative of circumstances in which a due process deprivation might be found to have occurred, if no notice and opportunity to be heard was provided prior to the deprivation. *Id.* at 575, 92 S.Ct. at 2708. None of the cases cited in *Roth* is remotely analogous to the situation presently before the Court. *See, e.g., Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971) (Chief of Police posted a notice to all retail liquor outlets that sales or gifts of liquor to plaintiff were forbidden for one year); *Wieman v. Updegraff*, 344 U.S. 183, 192, 73 S.Ct. 215, 219, 97 L.Ed. 216 (1952) (state statute required each state employee to take a "loyalty oath" that he was not a member of any organization listed by the Attorney General as a "communist front" or "subversive"); *Joint Anti–Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Attorney General designated three organizations as communist and furnished the names to the Loyalty Review Board for use in connection with determinations of disloyalty of government employees); *United States v. Lovett*, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946) (federal statute provided that no salary or other compensation could be paid to certain named employees of the government); *Peters v. Hobby*, 349 U.S. 331, 75 S.Ct. 790, 99 L.Ed. 1129 (1955) (Civil Service Commission's Loyalty Review Board barred plaintiff from all federal employment). Because plaintiff is presently employed as an attorney by the government, and he has not been damaged or stigmatized in the slightest as defined by *Roth*, there is no viable liberty interest sufficient to sustain plaintiff's due process claim.

 Plaintiff also has no property interest in continued employment as an ALJ, because he is not and never has been an ALJ, nor was plaintiff ever guaranteed continued employment as an ALJ. *See Roth*,

---

**6.** In fact, plaintiff is listed on the ALJ Register among those who are qualified to become an ALJ, a fact which cuts directly against any notion of "stigma" attaching to plaintiff because of his score on the examination process.

408 U.S. at 576–77, 92 S.Ct. at 2709–10 ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.... He must, instead, have a legitimate claim of entitlement to it"); *see also White,* 787 F.2d at 666 (citing *Roth* ). Accordingly, the Court can find no arguable violation of plaintiff's property interests.

 Because plaintiff wholly fails to identify a liberty or a property interest protected by the Due Process Clause, he is without any basis to complain of a violation of due process. *See Roth,* 408 U.S. at 569, 92 S.Ct. at 2705; *White,* 787 F.2d at 665–66. However, assuming *arguendo* that the Court could discern a cognizable liberty or property interest here, plaintiff was afforded all the due process necessary under the law. As made clear by the Supreme Court in *Mathews,* 424 U.S. at 332–34, 96 S.Ct. at 901–03, the requirements of procedural due process are flexible and depend upon the circumstances presented. *See also Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). The Court in *Mathews* held that the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Plaintiff was afforded abundant due process here. He was provided with the results of his various evaluations and was thereafter afforded an appeal to both the Administrative Ratings Appeals Panel and the MSPB. In addition, he was entitled to appeal the decision of the MSPB to the Federal Circuit. Therefore, even if plaintiff could be found to have had any cognizable liberty or property interest in employment as an ALJ, which he does not, plaintiff was afforded all the due process to which he was entitled. *See also White,* 787 F.2d at 663 ("The right to a hearing does not attach every time the government denies an employment application").

Plaintiff's equal protection claim falls as flat as his due process claim. In fact, plaintiff has simply made a due process argument under the heading of "equal protection." [7] Because the Court has a duty to liberally construe *pro se* pleadings, however, the Court briefly discusses the possible bases for an equal protection argument within plaintiff's opposition.

 The federal government violates the Equal Protection Clause when it treats similarly situated groups differently without any logical explanation for doing so. *See Plyler v. Doe,* 457 U.S. 202, 216–18, 102 S.Ct. 2382, 2394–95, 72 L.Ed.2d 786 (1982). When a fundamental right or a suspect class is involved, any classification impinging upon that right or disadvantaging that class is considered "presumptively invidious," thereby requiring more exacting scrutiny. *Id.* at 216, 102 S.Ct. at 2394–95. While plaintiff makes some unsupported statements in his pleadings that defendants discriminate against Social Security Administration attorneys in selecting ALJ's, plaintiff simply cannot assert that Social Security Administration attorneys are a suspect class, or even a quasi-suspect class, for equal protection purposes. Furthermore, plaintiff has utterly failed to identify any law, regulation, or policy that illegitimately singles out Social Security Administration attorneys. Consequently, plaintiff cannot demonstrate any viable equal protection claim. Accordingly, plaintiff's equal protection claim is dismissed.

### Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss. The Court finds that plaintiff has failed to state a claim upon which relief could be granted, and accordingly dismisses this action. An appropriate Order accompanies this Opinion.

### ORDER

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that defendants' motion to dismiss is granted, and this case is dismissed in its entirety.

SO ORDERED.

---

7. Section IV(A) of plaintiff's opposition to defendants' motion to dismiss is entitled, "The Equal Protection Challenge—Plaintiff Was Denied His Liberty To Engage In His Chosen Occupation."

While this indicates that an equal protection argument follows, this is not the case. Instead, under this heading, plaintiff discusses the applicability of *Roth* to his claims.