Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 9, 2003      Decided October 14, 2003

No. 02-5200

ROBERT W. RANN,
APPELLANT

v.

ELAINE CHAO,
SECRETARY OF LABOR,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 99cv02349)

———

*John F. Karl, Jr.* argued the cause for appellant. With him on the briefs was *William P. Farley*.

*Michael J. Ryan*, Assistant U.S. Attorney, argued the cause for appellee. On the brief were *Roscoe C. Howard, Jr.*, U.S. Attorney, and *R. Craig Lawrence* and *G. Michael Harvey*, Assistant U.S. Attorneys.

———

 Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before: GINSBURG, *Chief Judge*, and SENTELLE, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Robert W. Rann claims that the Department of Labor denied him promotion because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. The district court dismissed his complaint for lack of subject-matter jurisdiction, finding that Rann had not fulfilled the prerequisites for suit under either of the routes to court provided by the Act. He had not exhausted his administrative remedies, which both parties assumed was essential to suit under § 633a(b); nor had he provided the Equal Employment Opportunity Commission with notice of intent to sue, as required by § 633a(d). See *Rann v. Chao*, 154 F. Supp. 2d 61 (D.D.C. 2001) ("*Rann I*") (granting defendant's motion to dismiss or in the alternative for summary judgment); *Rann v. Chao*, 209 F. Supp. 2d 75 (D.D.C. 2002) ("*Rann II*") (denying plaintiff's motion to alter or amend judgment). Rann argues that the district court erred in both rulings. We affirm.

* * *

In November 1997 Rann, aged 64, was employed as a Manpower Analyst, GS–13, in the Department of Labor's Employment and Training Administration. The Department advertised and Rann applied for another position as Manpower Analyst, at a higher GS rating, GS–14. Rann interviewed for the position, but the Department notified him on March 16, 1998 that it had instead selected another employee, aged 37.

Believing that he had been passed over for the GS–14 position because of his age, Rann contacted a Labor Department Equal Employment Opportunity ("EEO") counselor and on April 30, 1998 filed an informal complaint of discrimination with the Labor Department's EEO office, known as its Civil Rights Center. (Joint Appendix at 343.) On September 15, after an EEO counselor had investigated Rann's informal

complaint, and Rann and the Labor Department had engaged in mediation without success, Rann filed a formal complaint of age discrimination with the Civil Rights Center.

In a letter dated October 7, 1998 the Civil Rights Center accepted Rann's formal complaint for investigation. The letter told Rann that it was his responsibility to cooperate with the EEO investigator by presenting a sworn affidavit, and warned him that failure to provide any requested information in the time the EEO investigator specified might result in the dismissal of his complaint for failure to prosecute. A Labor Department EEO investigator followed up with a letter dated November 12, 1998, asking Rann to submit an affidavit answering specific questions about his case. Despite the investigator's many attempts to secure Rann's affidavit over the next six months, Rann never complied. A May 5, 1999 letter again demanded the affidavit, saying that Rann's failure to provide it within five days would lead the investigator to recommend dismissal. Rann's attorney pleaded for still more time; in response, the EEO investigator wrote on May 18, 1999 giving Rann another 15 days and again warning him that if he failed to deliver the affidavit, the investigator would recommend dismissal for failure to prosecute. Rann never supplied the affidavit, and the Civil Rights Center dismissed his complaint on June 7.

On September 2, 1999 Rann filed this suit in district court. The government moved to dismiss for want of jurisdiction or in the alternative for summary judgment; the district court granted the motion because of Rann's failure to meet the statutory prerequisites to suit. In so doing, it considered submissions outside the complaint. See *Rann I*, 154 F. Supp. 2d at 64. Rann argues that this was inappropriate on a motion to dismiss. Indeed, the provision of Rule 12(b) automatically converting 12(b)(6) motions into summary judgment motions is inapplicable to 12(b)(1) motions, see *Haase v. Sessions*, 835 F.2d 902, 905–08 (D.C. Cir. 1987), so the consideration of factual submissions outside the complaint might have involved error in the absence of the government's alternative motion for summary judgment. Given the motion, however, there was no error on that score. Because the

district court considered facts outside the complaint, the judgment below is properly viewed as a grant of summary judgment. See Fed. R. Civ. P. 56. Our standard of review under Rule 56 is de novo. *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

We note that the district court's characterization of the exhaustion default as jurisdictional raises a potential complication. We have held that the timeliness and exhaustion requirements of § 633a(d) are subject to equitable defenses and are in that sense non-jurisdictional. See *Kennedy v. Whitehurst*, 690 F.2d 951, 961 (D.C. Cir. 1982); see also *Zipes v. Trans World Airlines*, 455 U.S. 385 (1982). But we have sometimes characterized non-compliance with similar requirements in comparable statutes as depriving the district court of "authority" to hear the plaintiffs' suit, see *Cox v. Jenkins*, 878 F.2d 414, 422 (D.C. Cir. 1989) (addressing exhaustion under the Education for All Handicapped Children Act), which sounds jurisdictional. As nothing turns on the characterization here, we explore the matter no further.

\* \* \*

The ADEA broadly bars age discrimination in employment. And it provides a federal government employee two alternative avenues to judicial redress. First, the employee may bring a claim directly to federal court so long as, within 180 days of the allegedly discriminatory act, he provides the EEOC with notice of his intent to sue at least 30 days before commencing suit. 29 U.S.C. §§ 633a(c), (d). Second, the employee may invoke the EEOC's administrative process, and then sue if dissatisfied with the results. *Id.* §§ 633a(b), (c); *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5–6 (1991). Rann argues that he was rightfully in court via both of these two routes; one, of course, would be enough.

*Suit following administrative process under § 633a(b)*

The district court found that Rann's non-cooperation with the Labor Department's EEO investigator represented a failure to exhaust his administrative remedies, and that there-

fore he could not bring his complaint to federal court under § 633a(b). *Rann I*, 154 F. Supp. 2d at 66.

There appears to be no language in the ADEA expressly requiring a federal employee who is not relying on § 633a(d) to have exhausted his alternative administrative remedies. Section 633a(c) provides that a person aggrieved "may bring a civil action in any Federal district court of competent jurisdiction." And § 633a(b) generally authorizes the Commission "to enforce" the ban on age discrimination in federal employment and to issue "such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out" these enforcement responsibilities.

But § 633a(d) provides express prerequisites to suit (30 days advance notice of intent to sue, within 180 days of the discriminatory act's occurrence) by a claimant who "has *not* filed a complaint concerning age discrimination with the [Equal Opportunity Employment] Commission." 29 U.S.C. § 633a(d) (emphasis added). The clear implication is that *other* plaintiffs must have "filed" an appropriate administrative complaint. See 29 C.F.R. § 1614.106(a) (requiring administrative complaints to be filed with the complainant's agency). Because of the employee's right to use subsection (d), of course, this administrative filing requirement is in a sense "optional." *Kennedy v. Whitehurst*, 690 F.2d 951, 964 (D.C. Cir. 1982). And the ADEA is silent on whether a plaintiff who has started the administrative process by filing such a complaint must reasonably *pursue* the process, as an exhaustion requirement would ordinarily entail. See *Stevens*, 500 U.S. at 9 (recognizing necessity of administrative exhaustion under § 633a(b) as an open question). The circuits appear to be split. *Compare Langford v. United States Army Corps of Eng'rs*, 839 F.2d 1192, 1194–95 (6th Cir. 1988) (finding no exhaustion necessary because, under the regulations in effect at the time, the filing of a civil action by a federal employee did not terminate the agency's processing of his complaint), and *Bak v. Postal Service*, 52 F.3d 241, 243–44 (9th Cir. 1995) (finding no exhaustion necessary because, under the regulations in effect at the time, the filing of a civil action by a government employee did terminate the agency's

processing of his complaint), *with Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir. 1981) (discussing policy reasons why a plaintiff who starts administrative proceedings under § 633a(b) must follow those proceedings to exhaustion before filing suit), and *White v. Frank*, 895 F.2d 243, 243–44 (5th Cir. 1990) (per curiam). We need not reach this issue, however, because the parties have assumed throughout that pursuit of the administrative remedy is required, at least during the agency's 180–day investigative period; in oral argument, Rann expressly acknowledged that assumption. See 29 C.F.R. § 1614.106(e)(2) (requiring agency to investigate complaint within 180 days of its filing); see also 29 U.S.C. § 633a(b)(3) (requiring the EEOC to provide for the acceptance and processing of complaints of discrimination on account of age in federal employment); 29 C.F.R. § 1614.201(c) (discussing when administrative remedies will be considered to be exhausted for purposes of filing a civil action); *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843 (1984).

Rather than contesting the need to exhaust, Rann argues that he fulfilled the need by meeting with the Labor Department's EEO counselor, providing the counselor with information, engaging in mediation with the Labor Department and filing a formal complaint of age discrimination. He says that he thus provided the Labor Department's EEO office with all the information in his possession, so that it would have been futile to comply with that office's requests.

In fact, Rann in no way attempted to exhaust the administrative process. The EEO investigator, trying to see whether Rann could establish a prima facie case of discrimination, repeatedly asked for his signed affidavit. Rann neither complied with these requests nor provided any information beyond his initial submission. He explained in his deposition that he "thought [doing so] was a losing proposition; that nothing productive could come of that; that it would drag on forever, ever and ever." See *Rann I*, 154 F. Supp. 2d at 65 (quoting deposition). While Rann did provide the EEO counselor with information before filing his formal complaint, the EEO investigator was reasonable both (1) in requiring Rann

to verify his complaint prior to beginning the investigation, and (2) in seeking additional details that might explain why Rann believed he was more qualified than the selected employee and what he meant when he said in his complaint that there was "a planned management decision to pre-select the selectee." Nothing in the EEO investigator's requests, plainly aimed at facilitating the investigation, gave Rann reason to believe a response would be futile. Cf. *James v. United States Dep't of Health & Human Servs.*, 824 F.2d 1132, 1138 (D.C. Cir. 1987).

After months of Rann's stonewalling, the Labor Department dismissed his complaint under 29 C.F.R. § 1614.107(a)(7), part of the EEOC's regulations implementing the ADEA. Section 107(a)(7) calls for dismissal when a complainant has not answered a written request for information within 15 days of its receipt, if the request included notice of such dismissal. Rann's non-response proceeded over a period more easily measured in weeks or months than in days, and the Department's letters of May 5 and May 18, 1999 plainly gave notice of likely dismissal.

Rann argues that the timing of this dismissal—after the running of the 180–day deadline for the Labor Department to have investigated his complaint—somehow renders the dismissal invalid or otherwise excuses his failure to exhaust. See 29 C.F.R. § 1614.106(e)(2) (requiring agency to investigate complaint within 180 days of its filing); § 1614.201(c)(1) (considering administrative remedies to be exhausted if agency has not taken final action within 180 days of the complaint's filing). He frames this as an argument that his claim had been "perfected" by the running of 180 days from his formal September 15, 1998 complaint with the Labor Department's EEO office. Rann's argument would, in effect, fault the Labor Department for not dismissing his complaint before, or perhaps at, the moment when the 180 days passed. We can imagine no basis for such a rule, and Rann offers none. He does cite an EEOC decision, *Koch v. Levitt*, 1997 WL 106419, at *5–6 (EEOC 1997), which reversed an agency's dismissal of a complaint where the agency's EEO office had dawdled until just before the 180 days had run, and then

dismissed because of the complainant's refusal to respond to demands made thereafter. But here the agency acted early and often on Rann's complaint. We see no sense in Rann's proposal to turn his own obduracy into a basis for penalizing the agency.

Rann also claims that the Labor Department is estopped from making a failure-to-exhaust argument because an unnamed EEOC employee told him that he could opt out of the administrative process at any time. This is, of course, simply a claim of equitable estoppel; we have read the Supreme Court's powerful cautions against application of the doctrine to the government, see *Office of Personnel Management v. Richmond*, 496 U.S. 414, 419–24 (1990), as normally barring its use to undercut statutory exhaustion requirements, *Deaf Smith County Grain Processors, Inc. v. Glickman*, 162 F.3d 1206, 1214 (D.C. Cir. 1998), and Rann offers no reason why it should be available to him here. See also *ATC Petroleum, Inc. v. Sanders*, 860 F.2d 1104, 1111 (D.C. Cir. 1988) ("[Estoppel's] application to the government must be rigid and sparing."). Indeed, Rann has not attempted to prove the traditional elements of the estoppel doctrine, which would certainly be necessary before the court even considered whether to apply estoppel against the government here. *Id.* at 1111–12; see also *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384–85 (1947) ("Just as everyone is charged with knowledge of the United States Statutes at Large, Congress has provided that the appearance of rules and regulations in the Federal Register gives legal notice of their contents."); 29 C.F.R. § 1614.201(c) (setting out circumstances under which administrative remedies will be considered to have been exhausted).

Rann's dogged refusal to take part in the administrative process thus bars his ADEA suit insofar as it purports to be outside § 633a(d).

*Suit following 30 days notice under § 633a(d)*

Rann also argues that the district court erred in dismissing his complaint due to his failure to provide the EEOC with 30 days' notice of his intent to sue. Rann argues that by filing his formal complaint with the Labor Department's EEO

office, he met the notice requirement of § 633a(d), and was therefore properly in federal court under that section.

Section 633a(d) reads in pertinent part:

> When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the *Commission* not less than thirty days' notice of an intent to file such action. . . .  Upon receiving a notice of intent to sue, the *Commission* shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice.

29 U.S.C. § 633a(d) (emphasis added).

While the plain language of this statute requires the filing of a notice of intent to sue with the EEOC itself, Rann relies on cases from our sister circuits to support his argument that the requirement can be met with a complaint filed with the employing agency's EEO office.  But the Third Circuit's decision on the point relied on EEOC regulations that deemed complaints filed with the employing agency's EEO office as equivalent to ones filed with the EEOC—regulations that no longer exist.  *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir. 1981).  See also *McIntosh v. Weinberger*, 810 F.2d 1411, 1425 n.6 (8th Cir. 1987) (citing *Purtill* but otherwise without discussion).  The Seventh Circuit's decision in *Bohac v. West*, 85 F.3d 306 (7th Cir. 1996), also deemed complaints filed with the agency's EEO office as filed with the EEOC, relying on the "significant sharing of responsibilities between the EEOC and the agencies." *Id.* at 309–10.  Supposing that the purpose of the 30–day notice requirement was solely to allow the EEOC to attempt reconciliation, the court expressed the belief that under the prevailing regulations such efforts would necessarily have already occurred, so that notice was unneeded. *Id.* at 310.  See also *Dashnaw v. Pena*, 12 F.3d 1112, 1115 (D.C. Cir. 1994) (per curiam) (stating in dicta that

"[s]uch notice [of intent to sue] must be given to the EEOC, or, alternatively, to the plaintiff's employing agency. . . .").

But § 633a(d) clearly specifies that the 30–day notice is to go to the "*Commission*." Furthermore, the statute requires the EEOC, upon receiving a notice of intent to sue, to "promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice." 29 U.S.C. § 633a(d). Though notice to the agency's EEO office may lead naturally enough to notice to all prospective defendants, it is hard to see how it would bring about the other activity that the 30–day notice is supposed to trigger: *EEOC* action to eliminate unlawful practices.

The EEOC's current regulations also support a finding that a plaintiff who wants to proceed under § 633a(d) must transmit his intent-to-sue notice to the EEOC itself. They provide that "an aggrieved individual may file a civil action in a United States district court . . . after giving the Commission not less than 30 days' notice of the intent to file such an action. Such notice must be filed in writing with EEOC, at P.O. Box 19848, Washington, DC 20036. . . ." 29 C.F.R. § 1614.201(a); *compare* 29 C.F.R. § 1613.214 (1995) (treating a complaint filed with an agency as filed with the EEOC) (repealed by 60 Fed. Reg. 43,371 (Aug. 21, 1995)).

Because Rann did not meet the notice requirements of § 633a(d), we agree with the district court that Rann cannot proceed to federal court by that route.

We note that Rann's claim of having supplied the statutory 30 days' notice turns on his assumption that his formal complaint with Labor's EEO office was the equivalent of notice to sue. Because of our ruling on where the notice must be filed, we needn't reach the validity of that assumption. See *Rann II*, 209 F. Supp. 2d at 81 n.4. Nor need we address the parties' dispute as to whether Rann filed that complaint within the 180 days from occurrence of "the alleged unlawful practice," as required by § 633a(d) for the notice to sue. *Id*. at 82.

\* \* \*

The district court correctly ruled that plaintiff's suit was barred for failure to exhaust. Because of the consideration of facts outside the complaint, the correct disposition was grant of the defendant's alternative motion for summary judgment. As modified in that particular, the judgment of the court is

*Affirmed.*