**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DARLENE E. MOORE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0267 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 6 |
| | : | | |
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

GRANTING THE DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss. The *pro se* plaintiff is employed at the United States Department of Veterans Affairs ("the VA"). She alleges that her supervisor sexually harassed her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*[1] Because the court concludes that the plaintiff failed to exhaust her administrative remedies prior to commencing this action, the court grants the defendant's motion to dismiss.

---

[1]  Because the plaintiff does not seek monetary damages, *see* Compl.; Pl's Opp'n, the court's jurisdiction must be based on a federal question. *See* 28 U.S.C. §§ 1331, 1332. Although the plaintiff does not specify the legal basis for her complaint, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* provides the only federal relief for sexual harassment. *See Meritor Sav. Bank v. Vinson*, 447 U.S. 57, 66-67 (1986). Accordingly, the court construes this complaint as being brought pursuant to Title VII.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff is employed by the VA. Def.'s Mot. at 1.[2] On January 21, 2010, the plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint with the VA, asserting claims of sexual harassment, non-sexual harassment and hostile work environment. Pl.'s Mot. for Prelim. Inj., Ex. 1 at 1; Def.'s Mot., Ex. 3 at 2. On January 27, 2010, she filed a *pro se* complaint in the Superior Court for the District of Columbia against her supervisor, Ogbeide Oniha, alleging that he sexually harassed her from June 2009 to October 2009. Compl. at 1. Although the plaintiff has since been reassigned to another office, she alleges that Oniha has attempted to follow her from the VA to the Metro stations and onto Metro trains. Pl.'s Opp'n at 2. The plaintiff does not seek monetary damages, asking instead for an order restraining Oniha's contact with her. *Id.*

On February 19, 2010, the government removed this action from the Superior Court to this court, and the United States was substituted for Oniha as the defendant. *See* Notice of Removal & Ex. B. On February 26, 2010, the defendant filed the instant motion to dismiss, arguing that the plaintiff failed to exhaust her administrative remedies prior to filing suit. *See* Def.'s Mot. at 8-9. The motion is now fully briefed, and the court turns to the applicable legal standard and the parties' arguments.

---

[2] The plaintiff's complaint consists of only three sentences, none of which provides the factual context for her claim. *See generally* Compl. To the extent that the plaintiff does not dispute the facts as presented by the defendant, *see generally* Pl.'s Opp'n, the court accepts those facts as accurate.

### III. ANALYSIS

### A. Legal Standard for Exhaustion of Remedies

In actions brought under Title VII, a court has authority over only those claims that are (1) contained in the plaintiff's administrative complaint or claims "like or reasonably related to" those claims in the administrative complaint and (2) claims for which the plaintiff exhausted administrative remedies. *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995); *Caldwell v. Serv. Master Corp.*, 966 F. Supp. 33, 49 (D.D.C. 1997). Once a formal administrative complaint has been filed, the employee may file a civil action only after the agency issues a final decision or 180 days lapses from the time of the filing, whichever happens first. *See* 42 U.S.C. § 2000e-16(c); *Winston v. Clough*, 2010 WL 1875626, at *4 (D.D.C. May 11, 2010).

It is the defendant's burden to prove by a preponderance of the evidence that the plaintiff failed to exhaust administrative remedies. *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) (stating that "because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it"). Meager, conclusory allegations that the plaintiff failed to exhaust his administrative remedies will not satisfy the defendant's burden. *Id.* at 12 (noting that a mere assertion of failure to exhaust administrative remedies without more is "clearly inadequate under prevailing regulations to establish a failure to exhaust administrative remedies").

Dismissal results when a plaintiff fails to exhaust administrative remedies. *Rann v. Chao*, 346 F.3d 192, 194-95 (D.C. Cir. 2003) (affirming the trial court's dismissal of the plaintiff's ADEA claim for failure to exhaust administrative remedies); *Gillet v. King*, 931 F. Supp. 9, 12-13 (D.D.C. 1996) (dismissing the plaintiff's Title VII claim because he failed to exhaust his administrative remedies).

**B. The Plaintiff Failed to Exhaust Her Administrative Remedies[3]**

The defendant argues that the plaintiff did not exhaust her administrative remedies prior to commencing suit, as evidenced by the fact that the 180-day time period had not yet run when the plaintiff filed her complaint in the Superior Court. Def.'s Mot. at 8-9. The defendant notes that no agency decision has yet been rendered and the plaintiff received a Notice of Acceptance of the EEO Complaint[4] from the VA dated February 17, 2010. Def.'s Reply at 5-6, 9.

The plaintiff has not proffered any evidence indicating that the agency has reached a decision on her administrative complaint. *See generally* Compl.; Pl.'s Opp'n. As previously noted, the plaintiff filed her complaint in the Superior Court on January 27, 2010, just six days after she filed her EEO complaint. *See* Pl.'s Mot. for a Prelim. Inj., Ex. 1 at 1; Compl. Because she filed her lawsuit less than 180 days after filing her EEO complaint and because the EEOC has not yet rendered a final opinion, she has failed to exhaust her administrative remedies. *See* 42 U.S.C. § 2000e-16(c). Accordingly, the court dismisses the plaintiff's complaint.

---

3       Because the court dismisses the plaintiff's complaint for failure to exhaust, it need not address the other arguments advanced by the defendant.

4       A Notice of Acceptance confirms that the administrative body received the complaint and represents the beginning of the investigative process at the administrative level. *See, e.g.*, *Green v. Small*, 2006 WL 148740, at *1 (D.D.C. Jan. 19, 2006).

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss.[5]  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 23rd day of June, 2010.

RICARDO M. URBINA
United States District Judge

---

[5]     As noted previously, *see supra* n.1, the court construed the plaintiff's complaint as being brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*  This dismissal does not affect the plaintiff's ability to seek a civil protection order against Oniha in the Superior Court for the District of Columbia.