# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 22, 2013        Decided March 7, 2014

No. 12-5139

RANDOLPH S. KOCH,
APPELLANT

v.

MARY JO WHITE, IN HER CAPACITY AS CHAIRMAN, UNITED
STATES SECURITIES AND EXCHANGE COMMISSION AND
SECURITIES AND EXCHANGE COMMISSION,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-01225)

———

*Kelly B. McClanahan* argued the cause and filed the briefs for appellant.

*Peter R. Maier*, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: TATEL and SRINIVASAN, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

RANDOLPH, *Senior Circuit Judge*:  After Randolph Koch took a stress test in 2007, his cardiologist recommended that Koch enter a cardiac rehabilitation program.  Koch, who was then working for the Securities and Exchange Commission in Washington, D.C., submitted a request for a work schedule accommodation so that he could undergo rehabilitation without using his work leave.  He filed his request under the Rehabilitation Act, which requires that federal agencies reasonably accommodate "the known physical or mental limitations" of an employee if the accommodation would not impose an "undue hardship" on the agency's operations. *Woodruff v. LaHood*, 777 F. Supp. 2d 33, 39 (D.D.C. 2011) (internal quotation marks omitted); *see* 29 U.S.C. § 791 *et seq.*

When more than a year passed without Commission action on his request, Koch began the administrative appeals process. He first informally consulted a counselor in the Commission's Office of Equal Employment Opportunity ("the Office"), *see* 29 C.F.R. § 1614.105(a), and he provided that counselor with medical records in support of his request.  He then filed a formal complaint.  *See id.* § 1614.106.

The Office assigned an investigator named Daniel Jewell to Koch's case.  Jewell did not work for the Office but was instead employed by a private firm the Office had engaged to handle these investigations.  An attorney from the Office informed Koch of Jewell's involvement via email and explained that Koch was "obligated to cooperate" with the investigation.

Koch was uneasy about a private firm having his medical records.  According to him, the Commission could not lawfully share Koch's records with Jewell unless the Commission's contract with Jewell's firm included certain clauses triggering the protections of the Privacy Act.  *See generally* 48 C.F.R. pt. 24 (regulating when federal contracts must include Privacy Act

language). Without those clauses—the presence or absence of which was not immediately clear—Koch believed that the Privacy Act would not limit what Jewell could do with the records.[1] Koch was shown a copy of the non-disclosure agreement governing Jewell's engagement, but he was unmoved.

Exercising what he called "his only remaining option," Koch stopped participating in the investigation. Complaint at ¶ 34, *Koch v. Schapiro*, No. 1:09-cv-1225 (D.D.C. Jan. 27, 2010). Koch insisted that the Office not give Jewell access to his medical records, and he refused even to provide Jewell with testimony making his case on appeal. The Office dismissed Koch's complaint for failure to cooperate. *See* 29 C.F.R. § 1614.107(a)(7).

After unsuccessfully appealing his dismissal to the Equal Employment Opportunity Commission, Koch sued the Securities and Exchange Commission in the district court. The district court granted summary judgment to the Commission, holding, among other things,[2] that "Mr. Koch's refusal to participate in his administrative proceedings constitutes a failure to exhaust his administrative remedies and that there is no reason to excuse such failure." *Koch v. Schapiro*, 777 F. Supp.

---

[1] It turned out the clauses Koch believed were necessary *were* part of the contract. They were difficult to detect because they were incorporated by reference but not actually written in.

[2] Koch challenged the dismissal of his Rehabilitation Act request and also raised claims under the Administrative Procedure Act, the Privacy Act, and the Fifth Amendment. Once he located the contract clauses he first thought were missing, he amended his complaint to remove some of the claims. The district court granted summary judgment for the Commission on every remaining count. *Koch v. Schapiro*, 777 F. Supp. 2d 86, 91-92 & nn.4-5 (D.D.C. 2011).

2d 86, 91-92 (D.D.C. 2011). Koch appeals the district court's exhaustion decision.

The question whether a particular administrative pursuit satisfies the exhaustion requirement is a legal question which we review *de novo*.[3] *See Artis v. Bernanke*, 630 F.3d 1031, 1043 (D.C. Cir. 2011). On the other hand, the decision whether to excuse a *failure* to exhaust is reviewed for an abuse of discretion. *See Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1250-51 (D.C. Cir. 2004). In that situation, the legal question has been answered—the litigant has not exhausted his administrative remedies—and what remains is the question whether to dismiss the case in light of the policies the exhaustion requirement is meant to serve. *See id.* That "intensely practical" decision is entrusted to the sound discretion of the district court. *Id.* at 1251 (internal quotation marks omitted).

First, the legal question: did Koch exhaust his administrative remedies? A plaintiff's suit "will be barred for failure to exhaust administrative remedies" if he "forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim." *Wilson v. Peña*, 79 F.3d 154, 164 (D.C. Cir. 1996). Here, the Office made clear that its investigation would require, at a minimum, Koch's testimony and possibly Koch's medical records as well. Koch provided neither and concedes as much. He argues instead that the medical records he had provided during counseling—but which he insisted be withheld from Jewell—were sufficient to allow the investigation to proceed.

---

[3] That is so whether or not the particular exhaustion requirement is "jurisdictional." *See generally Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004).

We disagree. *Rann v. Chao*, 346 F.3d 192 (D.C. Cir. 2003), is materially indistinguishable from this case and controls our analysis. Rann had filed an age discrimination complaint with his agency's Equal Employment Opportunity Office and, though he provided the counselor with written information, he refused to provide a signed affidavit. *Id.* at 196. The Office dismissed his complaint, and this court ultimately found that Rann failed to exhaust his administrative remedies. *Id.* at 196-97. So it must be here. Koch "neither complied with [the Agency's] requests nor provided any information beyond his initial submission." *Id.* at 196. Under *Rann*, he provided insufficient information to the agency and thus failed to exhaust his administrative remedies.

Second, the discretionary question: should the district court have excused Koch's failure to exhaust? Koch says it should have because he withheld his cooperation in "good faith." Appellant Br. 16. At the time he decided to stop cooperating, he believed that (1) the Privacy Act clauses were required to be present in the contract between the Commission and Jewell's firm, and (2) those clauses were missing. Koch says those beliefs were both reasonable and sincere and that, therefore, he cannot be punished for acting in accordance with them.

Some courts hold that a "[g]ood faith effort" to cooperate with the agency justifies a failure to exhaust administrative remedies. *E.g., Wade v. Sec'y of Army*, 796 F.2d 1369, 1377 (11th Cir. 1986) (citing *Mangiapane v. Adams*, 661 F.2d 1388, 1390-91 (D.C. Cir. 1981)). But here, it was an effort *not* to cooperate that Koch says was in good faith. Because Koch failed to explain both how his concern over the disclosure of his medical records justified his failure to provide his testimony to Jewell and how the extensive privacy protections for his medical records included in the contract between Jewell and the

Commission were insufficient, Koch's refusal to cooperate was clearly unjustified.

Koch should have complied with agency procedures before challenging those aspects to which he objected. *Cf. Ticor Title Ins. Co. v. Fed. Trade Comm'n*, 814 F.2d 731, 742-43 (D.C. Cir. 1987) (opinion of Edwards, J.). The district court was well within its discretion to dismiss the Rehabilitation Act claim.[4] The judgment of the district court is therefore

*Affirmed.*[5]

---

[4] The district court analyzed the reasonableness of Koch's beliefs by inquiring whether the Privacy Act contract clauses were required to be present. We do not think that analysis is relevant to the exhaustion question and thus express no view on it. We nevertheless affirm because we review the district court's "judgment, not its reasoning." *EEOC v. Aramark Corp., Inc.*, 208 F.3d 266, 268 (D.C. Cir. 2000).

[5] Our disposition moots Koch's motion to supplement the appendix. We therefore dismiss the motion. *Cf. United States ex rel. K&R P'ship v. Mass. Hous. Fin. Agency*, 530 F.3d 980, 984 n.3 (D.C. Cir. 2008).