# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

**No. 20-5173**

**September Term, 2020**

FILED ON: MAY 18, 2021

MDEWAKANTON BAND OF SIOUX IN MINNESOTA, ET AL.,
APPELLANTS

v.

DEBRA A. HAALAND, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE INTERIOR, OR HER SUCCESSOR AND TARA KATUK MAC LEAN SWEENY, IN HER OFFICIAL CAPACITY AS ASSISTANT SECRETARY-INDIAN AFFAIRS, OR HER SUCCESSOR,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00402)

———

Before: TATEL, MILLETT and PILLARD, *Circuit Judges*.

**J U D G M E N T**

The court considered this appeal on the record from the United States District Court and the briefs of the parties. D.C. Cir. R. 34(j). The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED.**

Under the Federally Recognized Indian Tribe List Act of 1994, the Secretary of Interior annually publishes a current list of recognized Indian tribes eligible for benefits and special programs. 25 U.S.C. §§ 5130 *et seq.* Interior also runs an administrative process under 25 C.F.R. Part 83 through which tribes may petition to be recognized and added to the list. In this case, two individual appellants claiming to represent the Mdewakanton Band of Sioux in Minnesota seek a writ of mandamus to require the Secretary to add the Band to her list. They did not file a Part 83 petition, which they argue would be inapposite because they allege that the United States already recognizes the Band via nineteenth-century statutes and treaties.

The district court dismissed the case under Rule 12(b)(6) for failure to exhaust administrative remedies. *Mdewakanton Band of Sioux in Minnesota v. Bernhardt*, 464 F. Supp.

1

3d 316, 321-23 (D.D.C. 2020). We have jurisdiction over the district court's final order of dismissal under 28 U.S.C. § 1291. We review the legal question whether Appellants were required to exhaust administrative remedies *de novo*. *Koch v. White*, 744 F.3d 162, 164 (D.C. Cir. 2014). We must affirm denial of mandamus unless Appellants' complaint shows they have "a 'clear and indisputable' right, and review by other means is not possible." *Mackinac Tribe v. Jewell*, 829 F.3d 754, 758 (D.C. Cir. 2016) (citation omitted).

The district court faithfully applied our precedent requiring any tribe claiming to be federally recognized to file a Part 83 petition before it can obtain judicial review. In *James v. United States Department of Health & Human Services*, we affirmed the district court's dismissal of a similar suit seeking to require Interior to add a tribe to its list. 824 F.2d 1133, 1139 (D.C. Cir. 1987). We held that principles of prudential exhaustion favored "requiring exhaustion of the Department of the Interior's procedures for tribal recognition, before permitting judicial involvement." *Id.* at 1138. In light of Interior's significant expertise and experience in evaluating recognition claims, we stressed that the exhaustion requirement (1) respects Congress's choice to delegate the decision to the agency, (2) protects agency autonomy, (3) aids judicial review by allowing the agency to develop a record, and (4) promotes judicial economy. *Id.* at 1137-38.

We have followed *James* to require exhaustion under Part 83 even where tribes claimed prior federal recognition. In *Mackinac Tribe v. Jewell*, for example, we rejected a tribe's contention that it need not exhaust because it had been recognized by federal treaties in the nineteenth century. 829 F.3d at 755, 757. In *Muwekma Ohlone Tribe v. Salazar*, 708 F.3d 209, 213, 218-19 (D.C. Cir. 2013), we likewise required exhaustion despite the tribe's evidence that the Bureau of Indian Affairs had dealt with it as a tribe before 1927, *see Muwekma Ohlone Tribe v. Salazar*, 813 F. Supp. 2d 170, 176 (D.D.C. 2011).

Whatever evidence a tribe may have that the federal government recognized it before passage of the List Act, Part 83 exhaustion is procedurally required before the courts will evaluate the claim. Appellants point out that *James*, *Mackinac Tribe*, and *Muwekma* involved prior tribal recognition by treaty or agency action, whereas they root their claim in part in congressional enactments. They note that Congress announced in enacting the List Act that "Indian tribes presently may be recognized by Act of Congress" and that "a tribe which has been recognized in [that] manner[] may not be terminated except by an Act of Congress." Pub. L. No. 103-454, 108 Stat. 4791, § 103(3), (4) (1994). But the Act does not thereby empower a court to rely on evidence of pre-Act congressional acknowledgement to mandate recognition of a tribe that has not completed the Part 83 process. The List Act grants the Secretary a pivotal role in recognition decisions, calling on her to "publish in the Federal Register a list of all Indian tribes which *the Secretary recognizes* to be eligible for the special programs and services provided by the United States to Indians because of their status as Indians." 25 U.S.C. § 5131(a) (emphasis added). Congressional actions receive great weight in the Secretary's merits determinations. *See* 25 C.F.R. §§ 83.11(e)(1), 83.12(a)(2). But Appellants' claim presents complex historical questions of tribal continuity akin to those in *James*, *Mackinac Tribe*, and *Muwekma*, and the same prudential exhaustion rationales apply. *See James*, 824 F.2d at 1137-38. Whatever the form of an unlisted tribe's pre-List Act evidence in support of recognition, the tribe must petition through Part 83 before seeking judicial review.

Appellants also appear to claim that they are exempted from the exhaustion requirement because administrative remedies would be inadequate and futile. *See McCarthy v. Madigan*, 503 U.S. 140, 146-48 (1992), *superseded on other grounds by statute*, Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-66 (1996), *as recognized in Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). They contend that the very grounds on which they claim recognition render them ineligible for Part 83, which "applies only to indigenous entities that are not federally recognized Indian tribes." 25 C.F.R. § 83.3. But Part 83 defines a "federally recognized Indian tribe" as "an entity listed on the Department of the Interior's list under the Federally Recognized Indian Tribe List Act of 1994." *Id.* § 83.1. Appellants are not listed, so by its terms Part 83 applies to them. Appellants insist that Interior has "predetermined the issue," *McCarthy*, 503 U.S. at 148, whether they must petition through Part 83. Appellants' Br. 19-20. But the issue potentially excusing a failure to exhaust is whether Interior predetermined the tribe's qualifications to be listed, not the process for doing so, and Appellants make no claim that Interior has already decided the merits of their listing claim.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/

Daniel J. Reidy
Deputy Clerk

3